J-S11019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARNELL MCCARTHY :
:
Appellant : No. 102 WDA 2024

Appeal from the PCRA Order Entered December 13, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006471-2018

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: April 9, 2025**

Appellant, Darnell McCarthy, appeals *pro se* from the order entered in
the Allegheny County Court of Common Pleas, which dismissed as untimely
his petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On
September 10, 2019, following a bench trial, the court convicted Appellant of
kidnapping, robbery, and related charges. The court sentenced him to an
aggregate term of 10 to 20 years of incarceration and 10 years of probation.
This Court affirmed Appellant's judgment of sentence on April 30, 2021, and
Appellant did not file a petition for allowance of appeal. ***See Commonwealth
v. McCarthy***, No. 839 WDA 2020 (Pa.Super. filed Apr. 30, 2021) (unpublished
memorandum).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On August 14, 2023, Appellant filed a *pro se* PCRA petition raising several claims of ineffective assistance of counsel. The court subsequently appointed counsel. On November 20, 2023, counsel filed a **Turner**/**Finley**[2] no-merit letter and petition to withdraw, noting that Appellant's PCRA was untimely, and that there was no evidence to support Appellant's claim that he had filed a timely PCRA petition sooner. On November 21, 2023, the court granted counsel's petition to withdraw and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

On January 2, 2024, Appellant filed an untimely response to the Rule 907 notice. On January 16, 2024, the court denied PCRA relief.[3]

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The court also issued an earlier order on December 13, 2023, purporting to formally dismiss the petition. However, the docket does not reflect that this order was served on Appellant. **See** Pa.R.Crim.P. 114(B)(1) (stating: "A copy of any order or court notice promptly shall be served on each party's attorney, **or the party if unrepresented**") (emphasis added). Rule 114(C) also provides that trial court criminal docket entries shall contain "the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2)(c). **See also Commonwealth v. Hess**, 570 Pa. 610, 810 A.2d 1249 (2002) (noting that Rule 114's language leaves no question that trial court clerk's obligations regarding docket entries are not discretionary). Thus, for purposes of determining timeliness of the appeal, we use the January 16, 2024 date as the date on which the court denied PCRA relief. **See Commonwealth v. Midgley**, 289 A.3d 1111 (Pa.Super. 2023) (declining to quash appeal where trial court docket did not indicate service on party or date of service; thus, court treated time in which to take appeal as never having started to run).

Appellant timely filed a notice of appeal.[4]  On January 23, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Following several requests for an extension of time, Appellant timely complied on June 28, 2024.

On appeal, Appellant raises the following issue for our review:

> Did Appellant … in fact file his PCRA petition before May 30, 2022 in which his judgment of sentence would've been final?

(Appellant's Brief at 3) (unpaginated).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite.  *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009).  Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition.  *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003).  The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying

---

[4] The docket reflects that Appellant's notice of appeal was filed January 17, 2024.  As Appellant was incarcerated when he submitted this filing, we use the date listed on the certificate of service—January 11, 2024—for his notice of appeal rather than the filing date.  *See Commonwealth v. Crawford*, 17 A.3d 1279 (Pa.Super. 2011) (explaining that under "prisoner mailbox rule," we deem *pro se* document filed on date it is placed in hands of prison authorities for mailing).  While this date rendered Appellant's appeal technically premature, the appeal is perfected when a final, appealable order is subsequently entered.  *See* Pa.R.A.P. 905(a)(5) (stating, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").  As we have already explained, the PCRA court formally denied PCRA relief on January 16, 2024, so Appellant's January 11, 2024 appeal per the prisoner mailbox rule relates forward to this date.

judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on May 30, 2021, upon expiration of his time to seek allowance of appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113. *See also* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until May 30, 2022, to timely file a PCRA

petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the instant petition on August 14, 2023, which is patently untimely.

On appeal, Appellant claims that he timely filed a PCRA petition on May 12, 2022. Appellant asserts that he sent follow-up letters to the PCRA court inquiring about the status of his PCRA petition but did not receive a reply. Appellant argues that governmental interference prevented him from timely filing a PCRA petition.

"The proper question with respect to [the government interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted).

Instantly, the PCRA court observed:

> The record in this case does not establish any exception to the PCRA timeliness requirements. [Appellant] alleges errors relating to trial counsel's ineffectiveness. None of his arguments invoke an enumerated exception to the PCRA's timeliness requirement. To the extent that [Appellant] claims that the "mailbox rule" justifies any late filings, there is no evidence in the record that any prior PCRA petitions were ever mailed by [Appellant].

(PCRA Court Opinion, 10/22/24, at 5).

Our review of the record supports the court's determination. Appellant argues that he supplied proof of the filing of a timely PCRA petition because he produced a copy of a PCRA petition hand-dated May 11, 2022, and a cash

slip addressed to the trial court's courtroom dated May 12, 2022, which is stamped "received" on May 16, 2022.[5] However, neither the certified record nor the certified docket entries reflect that this petition was ever filed in the Allegheny County Court of Common Pleas.[6] Additionally, the docket and record indicate that Appellant sent two letters to the court, dated August 15, 2022, and October 11, 2022, inquiring about the PCRA petition Appellant "sent to chambers." Nothing in the record indicates that the court responded to Appellant's inquiries. Nevertheless, the fact that Appellant may have attempted to file a PCRA petition but did so incorrectly, does not constitute governmental interference. *See Commonwealth v. Albrecht*, 606 Pa. 64, 994 A.2d 1091 (2010) (explaining that alleged government interference must violate United States or Pennsylvania Constitution or laws).

Furthermore, Appellant does not articulate why he waited over a year after filing his alleged first PCRA petition (and approximately one year, and ten months, respectively, from his inquires to the court) to file the instant PCRA petition. On this record, we cannot say that Appellant exercised due

---

[5] It is unclear what entity stamped the document as "received." The stamp does not indicate that it was received by the Allegheny County Court of Common Pleas.

[6] Notably, Appellant did not produce the cash slips until he filed an untimely response to the court's issuance of Rule 907 notice. In his no-merit letter, PCRA counsel averred that Appellant did not provide any proof that the petitions had been mailed or filed. (*See Turner/Finley* Letter, 11/20/23, at 4) (unpaginated). Likewise, Appellant did not produce the petition he alleges that he filed in May 2002 in the PCRA court. Rather, Appellant attached that petition to his brief on appeal for the first time. The brief is hand-dated and does not contain any timestamp on it.

diligence in asserting his claim of governmental interference. **See Chimenti,**

**supra**. Therefore, Appellant has not satisfied his proffered time-bar

exception. **See id.** Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/09/2025